991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elizabeth Z. ARAGON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3544.
 United States Court of Appeals, Federal Circuit.
 March 17, 1993.
 
 Before MAYER, PLAGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elizabeth Z. Aragon appeals the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. No. SE08319110321 (July 23, 1991). We affirm.
 
 
 2
 Aragon filed an appeal seeking action from the Merit Systems Protection Board because the Office of Personnel Management had failed to make a determination on her claim for benefits. OPM moved to dismiss for lack of jurisdiction because it had not issued a final decision in the matter. Aragon responded to an order of the board on the question of jurisdiction by submitting copies of five letters she had written to OPM, beginning in December of 1989. She asserted that OPM had never responded to her letters.
 
 
 3
 Aragon has the burden of proving that the board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i) (1992). The board has jurisdiction to review only a final decision of OPM. 5 U.S.C. § 8347(d) (1988); 5 C.F.R. § 831.110 (1992). Failure of OPM to respond to repeated requests for a decision on retirement benefits may in some cases act as a constructive denial and serve as a basis for board jurisdiction. See Garcia v. Office of Personnel Management, 31 M.S.P.R. 160, 161 (1986). The AJ distinguished Aragon's situation from Garcia, however, by stating that her requests have now been acknowledged by OPM. In its request for dismissal, OPM made assurances that Aragon's case was being reviewed. From these assurances the AJ determined that a conclusion from OPM would be forthcoming. On the basis of these facts the AJ held the board had no jurisdiction because there had not been a final decision on Aragon's claim and OPM had not unreasonably denied Aragon's requests for reconsideration.
 
 
 4
 In view of OPM's assurance that the merits of Aragon's claim for survivor benefits are being reviewed, we can agree with the AJ that there has been no "final decision" from OPM and therefore the board lacks jurisdiction over this appeal. It is curious, however, that despite assurances to the AJ in July of 1991 that a final decision was "forthcoming", there has been no indication to the court that any further action on the merits of Aragon's claim has been taken. Of course, nothing in this opinion alters Aragon's right to appeal the merits of such final decision to the board when it issues, if OPM's decision is adverse to her claim for benefits.